UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNY LEE,

                          Plaintiff,

                                                                               DECISION AND ORDER

                                                                                03-CV-6317L

                        v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                        Defendant.
_____

       This is an action brought by Johnny Lee ("Lee"), *pro se,* pursuant to 42 U.S.C. § 405(g) and § 1383(c) to review the final determination of the Commissioner of Social Security ("the Commissioner") that Lee is not disabled under the Social Security Act and, therefore, is not entitled to Social Security Disability Insurance ("SSDI") or Supplemental Security Income ("SSI") benefits.

       Lee's application for benefits was denied by the Social Security Administration. He had a hearing before an Administrative Law Judge ("ALJ") who determined that Lee was not entitled to benefits. That determination was reversed by this Court, and the matter remanded for another hearing.

       A second hearing was held was held before a different ALJ, John Costello. Judge Costello determined that plaintiff was not entitled to benefits, and his decision became the final decision of the Commissioner. Lee timely filed this action to review that determination.

The Commissioner has moved for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c). For the reasons discussed below, the Commissioner's motion (Dkt. # 9) is granted and the complaint is dismissed with prejudice.

Plaintiff's principal complaint was chronic back pain and pain related to right knee arthroscopy. The ALJ determined that the impairments were severe, but they did not meet or equal any of the impairments listed in Subpart P, Appendix A 1, Regulations No. 4. The ALJ determined that Lee could not perform his past relevant work as a laborer, machinist or assembly worker but that at his age he had the residual functional capacity to perform a limited range of sedentary work and was, therefore, not disabled. (290-292).[1]

This Court's jurisdiction to review the determination of the Commissioner is limited by statute. A court may review the factual findings of the Commissioner only to determine whether the administrative record contains substantial evidence to support such findings. *Brown v. Apfel,* 174 F.3d 59, 61-62 (2d Cir. 1991). If there is substantial evidence in the record to support the Commissioner's decision, the decision must be affirmed even if the evidence is susceptible of more than one rational interpretation. *See Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir. 1990). After reviewing the entire record, I conclude that there is substantial evidence to support ALJ Costello's decision and the Commissioner's decision that Lee is not disabled and, therefore, not entitled to benefits.

---

[1] Page references are to the administrative record filed by the Commissioner with her answer.

Except for Lee's own subjective opinion that he is unable to work, there is little medical evidence in the record from any of the physicians involved to support that view. In fact, the ALJ's decision is quite consistent with the medical evidence.

Lee first presented to the Emergency Department at Rochester General Hospital on June 26, 1996 and complained of a knee injury and low back pain resulting from a fall in the grocery store. He was directed to ice the affected area, perform no heavy lifting for 3 or 4 days, and take Advil for pain. (167).

Lee's condition did not improve to his satisfaction and he began treating with a chiropractor, Brian D. Justice, in July 1996. Justice noted that when he last saw Lee on July 22, 1996, he was 60% better, his mobility had increased, and his pain was decreasing. He described Lee as improving and stated that he expected no long term disability. (170). Dr. Justice's original impression was that Lee suffered low back pain resulting from a torsion injury caused by a fall. He expected improvement and a reduction of pain in the hope of getting Lee "back to full duty work in the very near future." (172).

The medical notes of plaintiff's treating physician, Dr. Jamal Merli, in the Fall of 1996 are revealing. They fail to suggest a disability. Dr. Merli advised that Lee had low back pain and recommended Motrin for pain. He ordered Lee to return to work but noted that Lee disagreed and wanted another opinion. (199). In August, 1996, Dr. Merli opined that Lee would be able to return to work within a month. (201).

A series of medical reports also chronicle the fact that Lee was upset that the doctors failed to find him totally disabled. He seemed reluctant to accept their opinion that he could work,

although at a different job. The ALJ referenced this in his decision. He noted that Lee was upset and dissatisfied when the doctors' reports were negative and they apparently refused to find him disabled for Worker's Compensation. (287). He noted reports in the medical file that plaintiff was "clearly struggling with accepting that he is not fully disabled." (287).

Plaintiff was also examined by a neurologist, Dr. Richard Satran, (208-209) and had a consultative examination with an internist, Dr. Judy Borbas. (179-181). Neither doctor reported that plaintiff suffered from a disabling impairment. Dr. Satran recorded that there was no evidence of neurological impairment and that there were normal x-rays. Dr. Satran referred Lee to a rehabilitative "back to work" program. (209).

The ALJ listed the several doctors, both examining and consultative as well as plaintiff's subjective complaints of pain. In sum, the ALJ noted that there were no medical opinions that indicated that Lee was totally disabled and no source determined Lee to have any restrictions on his ability to perform the necessary mental activities for employment. (288-289). The ALJ determined that in spite of some pain, Lee's functional restrictions were not as significant as Lee believed. Both his treatment regime and the medications he used were not consistent with severe debilitating pain. There were significant inconsistencies between the objective medical record and Lee's allegations. (287). The ALJ discounted plaintiff's complaints as to the severity of his pain and its disabling effect. The record supports that.

As chronicled in the Government's brief at page 20-24, there was ample reason to discount plaintiff's reports of pain. Plaintiff told one doctor that when he fell, he "knew" that he would never go back to work. (192). Plaintiff appeared to consistently reject the idea that he could do other

work. The nature of his daily activities also seem to belie severe pain. It appeared that plaintiff also had a pattern of failing to comply with treatment recommendations as to therapy and medication. The ALJ discussed at some length the nature of Lee's treatment, the moderate medication utilized and the failure by Lee to take appropriate steps to deal with his condition. The ALJ determined that Lee was an individual who believed he was entitled to benefits because he could not perform his past strenuous work. (287-288).

In sum, the record supports the ALJ's conclusion that plaintiff's complaints of pain and limitation of function, to the extent alleged, were not supported by the medical record. The ALJ properly considered plaintiff's testimony and weighed it in accordance with various factors, including plaintiff's daily activities, the frequency of pain, the type, dosage, and side effects of medication, and other treatment that relieves pain. *See* 20 C.F.R. § 404.1529(e); 416.429(e). On this record, it was not unreasonable for the ALJ to find that plaintiff's subjective complaints were not entirely credible. It is within the discretion of the Commissioner to evaluate the credibility of plaintiff's complaints and render an independent judgment in light of the medical findings and other evidence. *See Mimms v. Heckler,* 750 F.2d 180, 185-86 (2d Cir. 1984).

## CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. # 9) is granted. The complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 14, 2006.

- 6 -